JUSTICE HUNT
concurring in part and dissenting in part.
¶45 I concur as to issues one and two of the majority opinion.
¶46 I dissent from issue three of the majority opinion which holds that there were no genuine issues of material fact concerning fraud and economic duress which precluded summary judgment on Holms’ counterclaims. Instead, I would hold that the issue as to whether the release was obtained through fraud and economic duress is a factual question that should have been decided by the jury.
¶47 Holms has set forth specific facts establishing that in September of 1994, the Stanleys entered into a binding agreement with them, allowing them to sell the dealership to a third party. He also set forth specific facts establishing that in reliance upon that agreement, Holms entered into a contract to sell the dealership to the Corwin-Eisinger group. Finally, Holms sets forth specific facts establishing that had the Stanleys honored their initial contract, Holms would have been able to make all his payments on the Kalispell dealership and also obtain the necessary capital to successfully operate the Spokane dealership.
¶48 Holms was entitled to rely upon the Stanleys’ initial agreement. I would hold that there is a genuine factual issue as to whether the Stanleys’ failure to honor the terms of that initial agreement constituted fraud and as to whether it was that failure that also caused Holms his financial duress. That is a question that should have been decided by a trier of fact.
¶49 For the foregoing reasons, I would reverse the District Court and hold that there were genuine issues of material fact which precluded summary judgment.
¶50 I concur in part and dissent in part.